IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-05562 (MCF) |
| Maribel Soto Gandarilla | CHAPTER 13 |
| Debtor | |
| Maribel Soto Gandarilla | ADVERSARY CASE NO. 19-00457 |
| Plaintiff, | |
| v. | |
| SELECT PORTFOLIO SERVICING, INC., AS SERVICER OF LEGACY MORTGAGE ASSET TRUST 2019-PR1;<br>BANCO POPULAR DE PUERTO RICO AS SERVICING<br>AGENT OF MTGLQ INVESTORS, LP;<br>FIRST BANK PUERTO RICO;<br>CONSEJO DE TITULARES CONDOMINIO PARQUE DEL ARCOIRIS | |
| Defendants | |

**OPINION AND ORDER**

Before the court is whether Defendant, First Bank, is a wholly unsecured creditor with a lien that is junior in rank to another creditor.[1] The Plaintiff has filed a motion for summary judgment which was unopposed. The value of the Plaintiff's residence is not enough to satisfy the senior ranking creditor and therefore, the court holds that First Bank's junior lien is wholly unsecured. Consequently, the court grants Plaintiff's unopposed motion for summary judgment.

---

[1] On November 9, 2020, the complaint was withdrawn as to Defendant Condominio Parque del Arcoiris. Docket Nos. 58 & 60. On December 28, 2020, the complaint was withdrawn as to Defendant Select Portfolio Servicing, Inc., as servicer of Legacy Mortgage Asset Trust 2019-PR1 and Defendant Banco Popular de Puerto Rico. Docket Nos. 63 & 65.

-1-

A party may file a motion for summary judgment, identifying each defense on which summary judgment is sought, pursuant to Fed. R. Civ. P. 56(a), made applicable in bankruptcy by Fed. R. Bankr. P. 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).

Plaintiff's statement of uncontested facts satisfies the first prong of the summary judgment standard that there are no genuine contested material facts. Docket No. 81. Under Local Civil Rule 56(e), "facts contained in a supporting … statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Plaintiff's statement of uncontested facts has not been opposed by First Bank as required by Local Civil Rule 56(c). Consequently, the statement of uncontested facts is deemed admitted by the court under the previously cited rule.

Turning to the second prong of the summary judgment standard, Plaintiff is entitled to judgment as a matter of law. Under section 506(a) of the Bankruptcy Code, an allowed claim of a creditor secured by a lien on property in which the estate has an interest, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. 11 U.S.C. § 506(a). This code section provides for a judicial valuation on the collateral to determine the status of a secured claim and seek valuation when proposing a Chapter 13 plan. Nobelman v. American Sav. Bank, 508 U.S. 324, 328 (1993). An allowed secured claim cannot exceed the value of the collateral. In re Mann, 249 B.R. 831, 833 (1st Cir. B.A.P. 2000).

The value of Plaintiffs' interest in her real estate property was appraised at $80,150.00. Docket No. 81 at 2. Plaintiff's residence is subject to Select Portfolio Servicing, Inc.'s first mortgage loan with an accrued amount of $89,037.19. Id. at 2-3. First Bank's lien is junior to Select Portfolio's lien. Id. First Bank's secured claim over Plaintiffs' property is in the amount of $18,384.32. Id. A review of these undisputed facts show that the value of Plaintiff's residence is

wholly encumbered by Select Portfolio's lien and there is no excess value to satisfy First Bank's claim. Consequently, First Bank has no interest in the property.

Based on the foregoing, the unopposed motion for summary judgment (Docket No. 80) is granted because there are no undisputed material facts and is entitled to judgment as a matter of law, pursuant to Fed. R. Bankr. P. 7056. The lien held by First Bank over the Plaintiff's residence may be stripped upon successful completion of the Plaintiff's chapter 13 plan in bankruptcy case number 19-05562. The Plaintiff may request a writ and order to the property registrar at such time.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of January, 2022.

_Mildred Caban_
MILDRED CABAN FLORES
United States Bankruptcy Judge

-3-